RAYMOND C. FISHER, Circuit Judge, concurring in part, dissenting in part.
Although I join most of the disposition in this case, I respectfully disagree with my colleagues’ conclusions concerning AIG’s “defrauded holder of a right of first refusal” and unjust enrichment claims. I believe AIG cannot recover under its defrauded holder theory and can maintain a separate claim for unjust enrichment.
I.
The majority treats the “defrauded holder of a right of first refusal” claim as functionally identical to the “defrauded bidder” claim, reinstating the former “[f]or the same reasons” that it reinstated the latter. This cursory discussion overlooks the factual basis of the defrauded holder claim, which has nothing to do with a bidding process. California Civil Code section 3843 applies to the defrauded holder claim. Consequently I would hold that summary judgment was warranted because AIG could not recover damages.
California Civil Code section 3343 severely limits the availability of lost profits damages to “[o]ne defrauded in the purchase, sale or exchange of property.” Cal. Civ.Code § 3343(a)(4). City Solutions Inc. v. Clear Channel Communications, Inc. (City Solutions II), cited by the majority, excludes bidding processes from “purchase, sale or exchange.” 365 F.3d 835, 839 (9th Cir.2004). The transaction at the core of the defrauded holder claim, however, is the sale of two-thirds of the New California Holdings Corporation. AIG claims that it would have been able to purchase this equity but for defendants’ fraud. The majority does not explain how this claim is the “same” as a claim arising out of a joint bid.
The California Court of Appeal’s decision in Kenly v. Ukegawa demonstrates why section 3343 applies to the defrauded holder claim. 16 Cal.App.4th 49, 19 Cal. Rptr.2d 771, 773 (Ct.App.1993). The court explained, “An examination of the language of section 3343 supports the conclusion that [a defrauded party] is not entitled to lost profits on a property he never acquired” because even though the property was never acquired, it is still the subject of a proposed purchase, sale or exchange. Id. at 775. The majority has made no attempt to distinguish Kenly from AIG’s claim to have been defrauded out of a right to acquire the two-thirds of New California held by the MAAF defendants, nor could it successfully do so.
II.
The majority holds that AIG’s equitable claim of unjust enrichment is prohibited as duplicative. Again, I respectfully disagree. An unjust enrichment theory is not necessarily duplicative of AIG’s surviving legal claims, and AIG is permitted to plead alternative theories of relief. Therefore, I would reverse the district court’s summary judgment on the unjust enrichment claim.
“The right to maintain an action for restitution ... is largely the product of imperfections in the tort remedies.” Ramona Manor Convalescent Hospital v. *762 Care Enterprises, 177 Cal.App.3d 1120, 225 Cal.Rptr. 120, 130 (Ct.App.1986) (quoting Restatement (First) of Restitution § 3 cmt. a (1937) (emphasis removed)). As just one example, because California has statutorily limited damages in fraud actions concerning the purchase of property, should AIG prove its defrauded holder allegations, it may turn to equity to prevent “unjust retention of the benefit” of the fraud. See, e.g., Lectrodryer v. Seoul-Bank, 77 Cal.App.4th 723, 91 Cal.Rptr.2d 881, 883 (Ct.App.2000). Unjust enrichment provides an additional method of recovery for a plaintiff who proves a bad act but has no remedy at law. As we vacate and remand substantial portions of this case for further proceedings, the majority’s assumption that AIG will have an adequate remedy at law is premature.
The majority cites to two cases, both of which are inapposite. In Ramona Manor, the California Court of Appeal held that a claim of equitable restitution does not authorize double recovery. 225 Cal.Rptr. at 129-30. However, the bar on double-recovery does not come into play until a party has successfully proven a legal theory at trial. See id. at 1138, 225 Cal.Rptr. 120. We cannot assume that AIG will succeed on any of its legal claims; AIG has a long road between our ruling and a favorable verdict. In Paracor Finance, Inc. v. General Electric Capital Corp., we held that an unjust enrichment claim “does not lie when an enforceable, binding agreement exists defining the rights of the parties.” 96 F.3d 1151, 1167 (9th Cir.1996) (citing, inter alia, Wal-Noon Corp. v. Hill, 45 Cal.App.3d 605, 119 Cal.Rptr. 646, 650-51 (Ct.App.1975)). Although the shareholder agreement governed the relationship between AIG and the MAAF defendants, there was no “binding agreement” with the Alius and Artemis defendants. Therefore AIG may still assert an equitable claim concerning its indirect dealings with Altus and Artemis.